RECEIVED
IN LAKE CHARLES, LA

SEP 17 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| THE HANOVER INSURANCE COMPANY, | * * * | CIVIL ACTION NO. 13-CV-02573 |
| Plaintiffs, | * | JUDGE PATRICIA MINALDI |
| v. | * * | |
| FIRTH CONSTRUCTION CO., INC, FRANCIS E. FIRTH, NANIZA SANDRA FIRTH, | * * * * | MAG. JUDGE KATHLEEN KAY |
| Defendants. | * | |

*******************************************************************

## MEMORANDUM RULING

Before the court is the plaintiff's Motion for a Default Judgment [Doc. 13], seeking an entry of judgment by default against Firth Construction Co. Inc (Firth Construction), Francis Firth, and Naniza Sandra Firth (collectively defendants), in the amount of FOUR HUNDRED TWENTY-TWO THOUSAND, SEVENTY-FOUR 25/100 ($422,074.25), in addition to costs and expenses of these proceedings. For the following reasons, the plaintiff's Motion is **DENIED**.

## FACTS & PROCEDURAL HISTORY

The U.S.A., Army Engineer District, entered into a contract with The Davis Group (Davis), contractor, for a project entitled Design/Build EOD/09L Company Operations Facilities, Fort Polk, LA Contract no. W912HN-08-D-0037-DY01 (project).[1] Davis entered into a subcontract with Firth Construction on August 19, 2011.[2] The Hanover Insurance Company (Hanover) issued a Subcontract Performance Bond and

---

[1] Compl. [Doc. 1] at ¶ 5.
[2] *Id.* at ¶ 6.

1

Subcontract Labor and Material Bond (Bond) to Firth Construction with a penal sum of $957,576.94.[3] The defendants each executed an Agreement of Indemnity, where they agreed to exonerate, indemnify, and save harmless Hanover from and against every claim and to reimburse Hanover from any and all payments and disbursements made by Hanover.[4]

Since October 29, 2012, Mr. Firth has not returned to his office, recommenced work to complete the Project, or answered his cell phone.[5] On November 6, 2012, Firth Construction's foreman went to Mr. Firth's residence, where he found the front door unlocked and ajar, with his keys found on the floor.[6] Sometime between October 29, 2012 and November 9, 2012, a Firth employee obtained information from Mr. Firth's credit card company that there was a recent charge to Mr. Firth's credit card for a one-way ticket to Brazil.[7]

Hanover received a Notice of Default of the Subcontract from Davis on November 15, 2012, advising that as of November 9, 2012, "Firth's construction crew was removed from the site when it was determined that Mr. or Mrs. Firth left the country, and there was no provision to satisfy payroll and accounts payable obligations."[8] Hanover and Davis reached an agreement to continue work on the Project, where Davis would take immediate steps to finish Firth's work, Hanover confirmed in writing on November 19, 2012.[9] As a result of Firth's default, Hanover incurred expenses to complete the Project including but not limited to the hiring Firth Construction's office

---

[3] *Id. at* ¶ 7.
[4] *Id. at* ¶ 8.
[5] Aff. of Claire Durio [Doc. 6-1] at ¶ 6.
[6] *Id. at* ¶ 7.
[7] *Id. at* ¶ 8.
[8] Compl. [Doc. 1] at ¶ 9. *See also* Notice of Default [Doc. 1-4].
[9] Hanover's Response to Notice of Default [Doc. 1-5]. *See also* Compl. [Doc. 1] at ¶ 9.

manager as a consultant, the use of equipment, tools, materials, contract funds, and other property assigned to Hanover in the Indemnity agreement, payroll expenses, and legal costs, amounting to $422,074.25.[10]

Hanover filed the current suit on September 9, 2013 in federal court pursuant to 28 U.S.C. § 1332 on the basis of diversity jurisdiction.[11] Hanover claims that they were unable to serve the defendants after due and diligent effort because they could not be located at the registered address provided or elsewhere in Louisiana.[12] Hanover served the Louisiana Secretary of State, pursuant to Louisiana Code of Civil Procedure article 1262 on November 8, 2013.[13]

Hanover requested an entry of default against the defendants on February 13, 2014, stating that the defendants failed to make any appearance, file responsive pleadings, or answer Hanover's Complaint.[14] The Clerk of Court entered a default against the defendants on February 18, 2014.[15] The Clerk's office Notice to the defendants was returned by the United States Postal Service on February 28, 2014 with a stamp indicating the address listed was not a deliverable address.[16] The Louisiana Secretary of State sent a letter to the Court stating the Notice had been rejected and that their office made two attempts to serve the defendants but the mail was returned both times.[17] Hanover requested an entry of Default Judgment against Firth Construction on

---

[10] Compl. [Doc. 1] at ¶ 11-12.
[11] *Id.* at ¶ 3.
[12] Aff. of Claire Durio [Doc. 6-1] at ¶ 5.
[13] *Id.* at ¶ 10.
[14] Supp. [9-1] at 1.
[15] Notice of Entry of Default [Doc. 10].
[16] Returned Notice [Doc. 11].
[17] Letter from Louisiana Secretary of State [Doc. 12]

April 16, 2014 in the amount of $422,074.25, plus the costs and expenses from these proceedings.[18]

## LAW & ANALYSIS

**Default Judgment**

After a default has been entered against a party, the court may enter a default judgment or a clerk must when the sum is certain or can be made certain by computation. FED. R. CIV. P. 55(b). "[A] plaintiff is permitted to move for a default judgment fourteen days after the clerk's entry of default." *Martin Energy Servs., L.L.C. v. Stagg Marine, Inc.*, 2:13-CV-01349, 2014 WL 587175 (W.D. La. Feb. 13, 2014) (citing W.D. La. L.R. 55.1).

However, "[e]ntry of default does not entitle a non-defaulting party to a default judgment." *Fox v. Wolfson*, 2:10-CV-0812, 2010 WL 3907656 (W.D. La. Sept. 27, 2010). "The Fifth Circuit has held that a 'party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle,* 75 F.3d 207, 212 (5th Cir.1996)). "Default judgments are generally disfavored, and whether a default judgment should be issued is left solely to the discretion of the court." *LSREF2 Baron, LLC v. Lindsey*, CIV.A. 13-2910, 2014 WL 2158489 (W.D. La. May 22, 2014) (citing *Lindsey v. Prive Corp.,* 161 F.3d 886, 892 (5th Cir.1998)).

According to Rule 4 of the Federal Rules of Civil Procedure, a plaintiff may serve a Complaint by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). According to Louisiana law, "[s]ervice of citation or

---

[18] Mot. for Default J. [Doc. 13] at ¶ 1.

4

other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process. LA. CODE CIV. PROC. ANN. art. 1261(A). Service may be made on the secretary of state, who will forward the citation to the corporation, if the officer attempting service on the corporation "certifies that he is unable, after diligent effort," to serve the corporation." LA. CODE CIV. PROC. ANN. art. 1262. But, "[s]imply asserting that Defendant cannot be served personally because Defendant has moved does not qualify as certification for purposes of Article 1262." *Russo v. Master P*, No. 02-CV-3303, 2005 WL 757351 *3 (E.D. La. Mar. 30, 2005).

According to Hanover's counsel, Hanover was unable, after due and diligent effort, to serve the defendants because they were unable to be located at the registered address or elsewhere in Louisiana.[19] However, Hanover has failed to provide any information, outside of their legal counsel's affidavit, that due and diligent effort was made by a service agent to properly serve the defendants. The plaintiff should include an affidavit from the person serving the corporation stating that after due and diligent effort, they were unable to serve the defendant resulting in service upon the Louisiana Secretary of State. *Russo v. Master P*, 2005 WL 757351 *3. "Absent the certification from the service officer of diligent effort to serve Defendant personally, Plaintiff does not have authority for serving Louisiana Secretary of State instead." *Russo v. Master P*, 2005 WL 757351 *4.

In *Russo*, the Court stated that the serving officer must certify that he was unable to serve the party after diligent effort, and failure to provide such certification makes service under article 1262 unjustified. *Russo v. Master P*, 2005 WL 757351 *3. In the present case, Hanover has not presented any affidavit from a serving officer stating that a

---

[19] Aff. of Claire Durio [Doc. 6-1] at ¶ 5.

diligent attempt to serve the defendants was made. Although Hanover provides good reason to conclude Mr. Firth is no longer in the country making it impossible to serve him, such an assertion, without more, does not constitute as a reasonable basis to attempt service under article 1262.

## CONCLUSION

**IT IS ORDERED** that Hanover's Motion for a Default Judgment [Doc. 13] be and hereby is **DENIED**.

Lake Charles, Louisiana, this 14 day of Sept, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE